**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
MIAMI CIVIL DIVISION

DIANE BILLOTTE,

    *Plaintiff*,

v.                                                       Case No.:

CARNIVAL CORPORATION,

    *Defendant*.         /

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, DIANE BILLOTTE, sues Defendant, CARNIVAL CORPORATION, a foreign corporation, for damages and alleges as follows:

**JURISDICTION AND VENUE**

1. The Plaintiff Diane Billotte is a citizen of Florida.

2. Defendant Carnival Corporation is a Panamanian corporation doing continuous and systematic business in the Southern District of Florida by operating seagoing vessels in Florida. Carnival's principal place of business is in Florida.

3. During all times material, Defendant Carnival owned and operated the vessel CARNIVAL PARADISE on a cruise from Tampa, Florida to Cozumel, Mexico.

4. Admiralty jurisdiction is proper under 28 U.S.C. § 1333 as the cause of action is a maritime tort.

5. Venue is proper pursuant to both 28 U.S.C. § 1391 and the forum selection clause contained within the Defendant's cruise ticket.

6. Plaintiff has complied with all conditions precedent to bringing this lawsuit. Carnival has extended the statute of limitation in this case so that this filing is timely.

7. Defendant Carnival is vicariously liable for the acts and omissions of its employees, agents, servants and crew members in connection with the cruise business it operates.

## FACTS COMMON TO ALL COUNTS

Plaintiff hereby repeats and realleges paragraphs 1 – 7 as fully incorporated herein. Plaintiff further alleges:

8. At all times material, Defendant Carnival owned and operated the vessel CARNIVAL PARADISE.

9. Plaintiff, Diane Billotte, was a fare-paying passenger aboard the CARNIVAL PARADISE ("the vessel") on January 11, 2020.

10. While the ship was docked in Mexico, Ms. Billotte was walking near the casino. There were two bartenders in the immediate area at the "United States Bar". There was also a disk jockey also working in the immediate area. While she was walking, suddenly and unexpectedly Ms. Billotte's foot slipped and then became stuck on a substance on the floor. As a result of getting her foot stuck, Ms. Billotte fell and became injured.

11. After she fell, Ms. Billotte and her son, Brian Billotte, saw that she had slipped in liquid on the deck. The liquid appeared to be clear, but the floor was a colorful tile so it camouflaged any color of liquid on the flooring.

12. Ms. Billotte did not see the liquid nor sticky substance before she fell.

13. There were Carnival crewmembers working nearby the area where Ms. Billotte fell, including bartenders at the nearby bar and another crewmember hosting a game for passengers in the promenade area.

14.     As a result of getting her foot stuck and falling, Ms. Billotte sustained injuries to her head, left hip, and other parts of her body, all of which have required medical treatment and will continue to require medical treatment in the future.

## **COUNT I – NEGLIGENT FAILURE TO WARN**

Plaintiff hereby repeats and realleges paragraphs 1 – 14 as fully incorporated herein.  The Plaintiff further alleges:

15.     Defendant Carnival had the duty to exercise reasonable care under the circumstances with regard to passengers on its ships.  This duty included the duty to warn Plaintiff of hazardous or dangerous conditions that it either knew of, or should have known of, in areas where passengers were either invited or reasonably expected to visit during the cruise.

16.     Ms. Billotte slipped and then got her foot stuck and fell on a substance on the 9th deck of the ship near the casino. There were also crewmembers working very near to her fall at the bar who would have seen the condition of the deck and also seen the liquid and seen when it was spilled onto the deck. There was also another crewmember running a game near to Ms. Billotte's fall.

17.     There were no warning signs or cones or barricades posted to alert Ms. Billotte or other passengers of the hazardous condition in the area.

18.     The substance on the deck was not open and obvious, because it was clear liquid and in an unexpected area, and not obvious to the reasonable person watching where she is walking. Ms. Billotte would not have expected the area to be wet nor sticky because it was a public walking area and there were multiple crewmembers within close proximity to the area that she assumed would have been monitoring the area for hazards.

19. Prior to the Plaintiff's injury, the Defendant had both actual and constructive knowledge of the dangerous condition. The Defendant knew or should have known through its employees working nearby in the area that a puddle of liquid had formed or been spilled on the deck. The Defendant also had constructive knowledge of the dangerous condition based on other slip and fall injuries in this area caused by liquids on the deck, and slip and falls are the leading cause of injuries on the Defendant's ships.

20. On August 11, 2019, the Defendant and/or its agents, servants and/or employees and/or crewmembers breached its duty of care to the Plaintiff and was negligent by failing to warn the Plaintiff of the dangerous condition of the dangerous conditions.

21. The above acts and/or omissions proximately caused and/or contributed to the Plaintiff being injured, because the Plaintiff either would have avoided the area of the hazard while walking or would not have gone on the cruise had she known she could not rely on the Defendant to warn her when she would encounter known dangers on the vessel.

22. As a direct and proximate result of the Defendant's negligent failure to warn the Plaintiff of the dangerous condition, the Plaintiff sustained severe injury to her head and left hip and other parts of her body resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. The Plaintiff also lost the value of the cruise and incurred other incidental expenses

WHEREFORE, Plaintiff Diane Billotte prays for a judgment to be entered against the Defendant, Carnival Corporation, for compensatory damages in the amount of Five Hundred

Thousand Dollars ($500,000.00) including prejudgment and post judgment interest and costs. Plaintiff demands a trial by jury.

## COUNT II – NEGLIGENT FAILURE TO MAINTAIN THE SHIP IN A SAFE CONDITION

Plaintiff hereby repeats and realleges paragraphs 1 – 14 as fully incorporated herein. Plaintiff further alleges:

23. Defendant Carnival owed the Plaintiff, as its passenger, the duty to act with reasonable care under the circumstances with regard to her safety while operating its cruise. This duty includes the duty of maintaining the ship so that it is reasonably safe for its passengers.

24. On August 11, 2019, the Defendant and/or its agents, servants and/or employees and/or its crewmembers breached its duty of care to the Plaintiff and was negligent through the following acts and/or omissions:

  a. by failing to take reasonable action to maintain the area where Plaintiff fell;

  b. by failing to reasonably monitor the area for spills and other accumulation or liquids, substances, and puddles;

  c. by failing to take reasonable preventative measures to avoid hazards from forming in the area;

  d. by failing to mop up, clean, or dry the area in a reasonable time;

  e. by failing to implement reasonable policies and procedures to discover spills and liquid accumulation in the area in light of the known high risk of slip and fall injuries on its ships and past injuries which have occurred in the same area or which occurred under substantially similar conditions; and

    f.  by failing to use reasonable care under the circumstances.

25. The Defendant knew or should have known of the subject dangerous condition. The Defendant had employees working in the area who either did see the liquid and other substance on the floor and failed to take action, or should have seen the hazards based on proximity of working in the area. The Defendant has also had passengers slip, fall, and become injured in this same location or under same or substantially similar circumstances prior to the Plaintiff's fall.

26. The above actions and/or omissions proximately caused or contributed to the Plaintiff's injuries because, if the Defendant would have taken reasonable action to maintain the subject area, liquid and other substance(s) would not have been in the designated passenger walkway and Plaintiff Billotte would not have fallen and sustained the above-mentioned injuries.

27. The subject conditions were not open and obvious because it was clear liquid in an unexpected location and not readily apparent to a reasonable person through the ordinary use of her senses. Additionally, any assertion that the condition was "open and obvious" by the Defendant does not discharge its duty reasonably maintain the area.

28. As a direct and proximate result of the Defendant's negligent failure to maintain the area, the Plaintiff sustained severe injuries to her head and left hip and other parts of her body resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. The Plaintiff also lost the value of the cruise and incurred other incidental expenses

WHEREFORE, Plaintiff Diane Billotte prays for a judgment to be entered against the Defendant, Carnival Corporation, for compensatory damages in excess of Five Hundred Thousand Dollars ($500,000.00) including prejudgment and post judgment interest and costs. Plaintiff demands a trial by jury.

      */s/ Catherine Saylor*
JACOB J. MUNCH
E-mail: jake@munchandmunch.com
Florida Bar Number 376523
CATHERINE M. SAYLOR
E-mail: casey@munchandmunch.com
Florida Bar Number 115593
MUNCH and MUNCH, P.A.
600 South Magnolia Avenue – Suite 325
Tampa, Florida 33606
Ph: (813) 254-1557 / Fax: (813) 254-5172
*Attorneys for Plaintiff, BILLOTTE*